UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X   07 Civ. 2933 (SAS)
BASIL FITZPATRICK, SOLE PROPRIETOR, d/b/a/   :
ARTEMIS RECORDS                              :
                                             :
                    Plaintiff,               :
                                             :
     - against -                             :
                                             :
SONY-BMG MUSIC ENTERTAINMENT, INC., RED      :
DISTRIBUTION, INC., SHERIDAN SQUARE          :
ENTERTAINMENT, INC., d/b/a/ ARTEMIS          :
RECORDS, DANNY GOLDBERG, SHERIDAN            :
SQUARE ENTERTAINMENT, LLC d/b/a/ ARTEMIS     :
RECORDS,                                     :
                                             :
                    Defendants,              :
---------------------------------------------------------------- X

## DECLARATION OF BASIL FITZPATRICK

I, BASIL FITZPATRICK, declare as follows:

1. I am the plaintiff in this action and was defendant in the 1999 action filed in this jurisdiction. That first action was entitled Sheridan Square, LLC d/b/a/ Artemis Records v. Basil Fitzpatrick, Docket No.: 99-Civ-11691.

2. In or about June 26, 2000, I attended court proceedings in the 'first action' and consented to a settlement agreement at the courthouse in the judges chambers. The agreement, in substance, was that I would surrender my rights to the trademark "ARTEMIS RECORDS" and that after I did so, the other parties (defendants) would pay me the lump sum of $125,000. Pursuant to the agreement we worked out in court, I did surrender and relinquish my rights to the "ARTEMIS RECORDS" trademark and so informed the attorney for defendants. I then waited

for payment.

3. After waiting for several months for payment, I was told by defendants counsel that I would have to sign a complex written settlement agreement and that I would be paid after signature. Defendants counsel prepared the written settlement and I reviewed it. It contained many extraneous terms and I disagreed with its contents. I asked on several occasions that the settlement agreement be limited to the specific terms we discussed at the court, but counsel refused to alter it. I was also told that they would delay payment until I signed, even though I had already surrendered my trademark registration.

4. After months of discussions, I was still not in possession of an agreement reflective of the actual agreement we had entered to in court. I therefore informed counsel that I would 'revive' my trademark rights if I wasn't paid.

5. During the period of the initial litigation and subsequent negotiations, Danny Goldberg acted as a representative of Sheridan Square. At each juncture, he informed me that we would work things out and that I shouldn't be too concerned about the details or timing. In this manner he and his parties kept actively delaying the final resolution of the first litigation. For my part, I told Danny that unless I was paid, that I wasn't going to permanently relinquish my trademark rights and that my trademark claims were 'outstanding'.

6. In or about 2004, I discovered that Danny Goldberg and Sheridan Square were attempting to register my mark, "ARTEMIS RECORDS" as their own and realized that I had been duped. I immediately instituted adversary proceedings in the PATENT AND TRADEMARK OFFICE (PTO) to reactivate my ARTEMIS RECORDS mark and litigated the

issue of who the rightful owner of that was until 2007. Both Sheridan Square and Danny Goldberg were denied registration for the mark and my petition was granted in August 07, 2007.

7. I have always been very direct with Danny Goldberg and Sheridan and I have made it clear that unless they honored the terms of the court settlement, than I would assert control over the Artemis Records mark and seek damages for their infringing use of my mark.

8. I 'settled' the first case only because I wanted to avoid the expenses and discomfort of trial. I delayed filing this action because I had initially tried to give defendants a chance to complete the settlement, and keep their word. Later, I wanted to perfect my ownership of the mark at the PTO, and these defendants caused substantial delay in that forum.

Dated: New York, New York

    October ___, 2007

By: _____
Basil Fitzpatrick, Declarant
Plaintiff