UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                        **Plaintiff,**                       **07 CIV. 2933 (SAS)**

       **- against -**

SONY-BMG MUSIC ENTERTAINMENT, INC., RED
DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., D/B/A ARTEMIS
RECORDS, DANIEL GOLDBERG, SHERIDAN
SQUARE ENTERTAINMENT, LLC., D/B/A
ARTEMIS RECORDS,

                        **Defendants.**
-------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF MOTION TO DISMISS


MEIER FRANZINO & SCHER, LLP.
Steven K. Meier (SKM 1609)
Attorneys for Defendants
Sheridan Square Entertainment, Inc. and
Sheridan Square Entertainment, LLC.
570 Lexington Avenue, 26th Floor
New York, New York 10022
(212) 759-9770


TO:    John Smargiassi, Esq. (J.S. 3041)
        JOSEPH & SMARGIASSI
        Attorneys for Plaintiff
        Two Rector Street
        New York, New York 10006
        (212) 625-9949

        Michael Mervis, Esq.
        PROSKAUER ROSE LLP
        Attorneys for Defendant
        Daniel Goldberg
        1585 Broadway
        New York, NY 10036-8299
        (212) 969-2900

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES……………………………………………...……………………….ii

PRELIMINARY STATEMENT……………………………..…………………………………1

ARGUMENT………………..………………………………………………………………..1

CONCLUSION…………………………………………………………….............................6

# TABLE OF AUTHORITIES

*Cases*                                                                     *Page(s)*

Black Diamond Sportswear, Inc. v. Black Diamond Equipment, Ltd.
      2005 WL 2076279 (S.D.N.Y 2005)……………………………………………3

Brown v. Piper
      91 U.S. 37, 42, 23 L.Ed. 200 (1875)……………………………………………...3

Byron v. Chevrolet Motor Div. of General Motors Corp.
      1995 WL 465130 (S.D.N.Y.,1995)……………………………………………2

Conopco Inc. v. Campbell Soup Co.
95 F.3d 187 (2d Cir. 1996)…………………………………………………..4, 5

Eppendorf-Netheler-Hinz GmbH v. Enterton Co.
      89 F.Supp.2d 483 (S.D.N.Y. 2000)……………………………………………2

Saratoga Vichy Spring Co. v. Lehman
      625 F2d 1037 (2d Cir. 1980)……………………………………………2

Solow Bldg. Co. v. Nine West Group, Inc.
      2001 WL 736794 (S.D.N.Y. 2001)………………………..……………………5

*Statutes*

Federal Rules of Civil Procedure 12(b)(6)…………………………………………3

Federal Rules of Evidence 201(b)……………………………………………...3

Lanham Trade-Mark Act, § 43, 15 U.S.C.A. § 1125…………………………………...4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                                 Plaintiff,                    07 CIV. 2933 (SAS)

    - against -

SONY-BMG MUSIC ENTERTAINMENT, INC., RED
DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., D/B/A ARTEMIS
RECORDS, DANIEL GOLDBERG, SHERIDAN
SQUARE ENTERTAINMENT, LLC., D/B/A
ARTEMIS RECORDS,

                              Defendants.
-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      This Memorandum of Law is respectfully submitted on behalf of defendants,

Sheridan Square Entertainment, Inc. (SSE) and Sheridan Square Entertainment, LLC.'s (SSE

LLC) in further support of their motion to dismiss the Complaint in this action as to them, based

on plaintiff's failure to timely file suit, the doctrine of estoppel and the terms of the settlement

and the dismissal order in the matter of <u>Sheridan Square, LLC d/b/a Artemis Records v. Basil</u>



<u>Fitzpatrick</u>, United States District Court for the Southern District of New York (99 Civ. 11691)

(HB).

## ARGUMENT

      In their prior Memorandum of Law (SSE Br.), Sheridan Square Entertainment,

Inc. and Sheridan Square Entertainment, LLC.'s (collectively referred to hereinafter as SSE

Defendants)[1] stated why all claims in the Complaint as against SSE should be barred by laches.

---

[1] On or about June 30, 2004, Sheridan Square Entertainment, LLC. merged into Sheridan Square Entertainment,
Inc.

Three elements must be established in order for defendants to prevail on the defense of laches: (1) the plaintiff had knowledge of the defendants' use of his trademark; (2) the plaintiff inexcusably delayed taking action; and (3) the defendant will be prejudiced by permitting the plaintiff to assert his right now. *See, e.g.* Saratoga Vichy Spring Co. v. Lehman, 625 F2d 1037, 1040 (2d Cir. 1980). In sum, SSE Defendants satisfied all three elements of this defense because: (1) plaintiff was aware of SSE LLC's use of the "ARTEMIS RECORDS" name as early as 1999, eight (8) years before the plaintiff filed the Complaint in this case (*see* SSE Br. at 6), (2) plaintiff offers no excuse for not bringing this suit on a timely basis, such as being prevented from doing so (*see* SSE Br. at 6-7), and SSE LLC used "ARTEMIS RECORDS" mark and continued using it until 2006, believing that it had a clear or unencumbered right to said mark (*see* SSE Br. at 7-8).

In the affirmation plaintiff filed in response to SSE Defendants motion to dismiss ("Affirmation") plaintiff fails to refute any of these assertions by the SSE Defendants. To the contrary, plaintiff in fact reinforces certain assertions of the SSE Defendants as to the length of his delay in bringing this action. For example, in response to the SSE Defendants' argument that plaintiff can not set forth a reasonable excuse as to why for eight (8) years he did not petition the Court to enforce the settlement or assert the claims made herein, plaintiff states *"I delayed filing this action because I had initially tried to give a chance to complete settlement, and keep their word."* (Declaration of Basil Fitzpatrick ¶ 8). This by no means is a reasonable excuse for a delay of eight (8) years. Nowhere in his Affirmation does plaintiff set forth that during the past eight (8) years he was prevented from timely asserting his alleged rights and bringing this action against SSE LLC and SSE on a timely basis. *See* Eppendorf-Netheler-Hinz GmbH v. Enterton Co., 89 F. Supp. 2d 483, 487 (S.D.N.Y. 2000); *See also* Byron v. Chevrolet Motor Div. of

2

General Motors Corp., 1995 WL 465130 (S.D.N.Y. 1995); Black Diamond Sportswear, Inc., 2005 WL 2076279.

Secondly, plaintiff in his Affirmation contradicts his Complaint and the documents attached to said Complaint, such as the June 26, 2000 settlement agreement (Exhibit "D" of plaintiff's Complaint), the TARR printout report (Exhibit "E" of plaintiff's Complaint) and Surrender of Trademark Registration by SSE (Exhibit "G" of plaintiff's Complaint).[2] In his Affirmation, plaintiff states that "*both Sheridan Square and Danny Goldberg were denied registration for the mark and my petition was granted in August 7, 2007.*" This statement is not correct, as evidenced by the TARR printout report (Exhibit "E" of plaintiff's Complaint) and Surrender of Trademark Registration by SSE (Exhibit "G" of plaintiff's Complaint). SSE, on or about September 15, 2006, surrendered the "ARTEMIS RECORDS" mark and plaintiff's petition to cancel SSE's registration of the mark ARTEMIS RECORDS with the Trademark Trial and Appeal Board became moot and the trademark was then granted to plaintiff.

Another example of inaccuracy in plaintiff's Affirmation is the statement "*Defendants induced plaintiff to enter the 2000 settlement agreement to conclude the first lawsuit.*" On the Court's record the plaintiff, without any objection, stated that he agreed to the terms as set forth on the record (Page 3 of Exhibit "D" of Plaintiff's Complaint). However, now for the first time, over seven (7) years later, plaintiff is claiming that he was induced by the defendants to settle without further evidence of the same. Significantly, plaintiff does reconfirm in his Affirmation that he refused to sign the settlement agreement and then delayed over four

---

[2] On motion to dismiss, district court may take judicial notice of matters of public record, including the fact of litigation and related filings. Fed.Rules Civ.Proc.Rule 12(b)(6); Subdivision (b) of Rule 201 of the Federal Rules of Evidence authorizes the federal courts to take judicial notice of two types of facts: (1) those which are generally known within the trial court's territorial jurisdiction, and (2) those which are readily verifiable in sources whose accuracy cannot reasonably be questioned. *See* Brown v. Piper, 91 U.S. 37, 42, 23 L.Ed. 200 (1875).

years before requesting the Court's intervention in enforcing the agreement (Declaration of Basil Fitzpatrick ¶ 6).

Another inaccuracy is plaintiff's statement that in 2004 he "discovered" that Daniel Goldberg and Sheridan Square were attempting to register "his" mark and he "immediately" instituted adversary proceedings (Declaration of Basil Fitzpatrick ¶ 6). Plaintiff's Affirmation does not refute that he waited over four (4) years before seeking to enforce the settlement agreement, which he refused to sign, after agreeing to it in Court and on the record, and after he relinquished all rights to the Artemis mark. Nor does plaintiff refute that he has been aware of the possible claims since 1999. Therefore, the statement by plaintiff that he "discovered" that defendants were using his mark in 2004 is disingenuous.

Third, plaintiff also asserts in his papers that the Settlement Agreement in 2000 was incomplete and therefore not enforceable. Significantly, plaintiff does not address the fact that it was not until 2005, five (5) years later that plaintiff objected to the Settlement Agreement by contacting Judge Baer, who declined to reopen the case. SSE has been prejudiced by plaintiff's delay of more than five (5) years in pursuing action against SSE under Lanham Act, for purpose of competitor's laches defense, because SSE committed massive resources to best exploit marketing strategy in reliance that plaintiff had surrendered any claim to the "Artemis Mark" and by waiting over five (5) years to assert any claim, plaintiff precluded the possibility that SSE could effectively adopt alternative marketing position. See Conopco, Inc. v. Campbell Soup Co., 95 F3d 187 (2nd Cir. 1996); see also Lanham Trade-Mark Act, § 43, 15 U.S.C.A. § 1125. "Specifically, prejudice ensues when a "defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." *(citations omitted)*. *Id*. at 192.

Lastly, plaintiff asserts that there are issues of fact and that laches is not a proper

issue for determination on a motion to dismiss. This argument must fail. The Courts have repeatedly held that

> "[W]hen the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss." Lennon v. Seaman, 63 F.Supp.2d 428, 439 (S.D.N.Y.1999) (citing Oshiver v. Levin Fishbein Sedrin & Berman, 38 F.3d 1380, 1385 n. 1 (3d Cir.1994); 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 1357); accord Bermudez, 2000 WL 1225792, at 8. Hence, although the defense is fact-specific, the Court can consider laches on a motion to defense. Solow Bldg. Co. v. Nine West Group, Inc., 2001 WL 736794 at p. 3 (S.D.N.Y. 2001)

All three elements of laches and estoppel have been set forth by SSE Defendants. As previously set forth in its moving papers and herein, (1) Plaintiff did not state that he was prevented from bringing this action against the SSE Defendants promptly, nor did he offer a reasonable excuse for his repeated delays, (2) SSE Defendants have been prejudiced in that it used "ARTEMIS RECORDS" mark, made expenditures and built up the "ARTEMIS RECORDS" mark, and continued to do so until 2006, believing that it had a clear or unencumbered right to said mark, and (3) plaintiff does not refute that there was there was partial performance of the Agreement in the sense that SSE LLC gave up its right to a trial and Fitzpatrick relinquished in 2000 any affiliation with the "ARTEMIS RECORDS" mark and name, and therefore his only recourse may be enforcement of the 2000 Agreement. Plaintiff therefore has failed to provide evidence rebutting the presumption of laches or estoppel caused by plaintiff's failure to bring this action within the applicable statutory time period. See Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187 (2d Cir. 1996)

**CONCLUSION:** For all of the reasons heretofore stated, the entire Complaint should be dismissed as to defendants, SSE and SSE LLC pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, New York
      October 15, 2007

                                        Respectfully submitted,

                                        MEIER FRANZINO & SCHER, LLP.


                                        By:_____
                                        Steven K. Meier (SKM 1609)
                                        Attorneys for Defendants
                                        Sheridan Square Entertainment, Inc. and
                                        Sheridan Square Entertainment, LLC.
                                        570 Lexington Avenue, 26th Floor
                                        New York, New York 10022
                                        (212) 759-9770

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                        Plaintiff,                          07 CIV. 2933 (SAS)

            - against -

SONY-BMG MUSIC ENTERTAINMENT, INC., RED
DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., D/B/A ARTEMIS
RECORDS, DANIEL GOLDBERG, SHERIDAN
SQUARE ENTERTAINMENT, LLC., D/B/A
ARTEMIS RECORDS,

                        Defendants.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 15, 2007, he caused defendants' Reply Memorandum of Law in Further Support of Motion to Dismiss to be served on the individuals listed below in the manner indicated:

## FIRST CLASS MAIL

John Smargiassi, Esq. (J.S. 3041)
JOSEPH & SMARGIASSI
Attorneys for Plaintiff
Two Rector Street
New York, New York 10006

Michael Mervis, Esq.
PROSKAUER ROSE LLP
Attorneys for Defendant
Daniel Goldberg
1585 Broadway
New York, NY 10036-8299

_____
Steven K. Meier, Esq.

Dated: New York, New York
       October 15, 2007

7