Steven K. Meier (SKM1609)
Tinamarie Franzoni (TF0713)
MEIER FRANZINO & SCHER LLP.
570 Lexington Avenue, 26th Flr.
New York, NY 10022
Phone (212) 759-9770

*Attorneys for Defendants*
*SHERIDAN SQUARE ENTERTAINMENT, INC.*
*and SHERIDAN SQUARE ENTERTAINMENT, LLC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                              Plaintiff,                        07 CIV. 2933 (SAS)

                - against -                        ANSWER

SONY-BMG MUSIC ENTERTAINMENT, INC.,
RED DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., d/b/a ARTEMIS
RECORDS, DANIEL GOLDBERG SHERIDAN
SQUARE ENTERTAINMENT, LLC., d/b/a
ARTEMIS RECORDS,

                             Defendants.
----------------------------------------------------------------X

       Defendants, SHERIDAN SQUARE ENTERTAINMENT, INC., ("SSE"), and SHERIDAN SQUARE ENTERTAINMENT, LLC. ("SSE LLC"), by its attorneys, MEIER FRANZINO & SCHER, LLP, for its Answer to the First Amended Complaint ("Complaint") herein, respectfully allege:

       1.     Denies each and every allegation contained in Paragraph 1 of the Complaint except that plaintiff purports to bring his Complaint pursuant to the referenced statutes.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint except that plaintiff purports that this Court has jurisdiction under 15 U.S.C. §1121 and 28 U.S.C. §1331, 1332 and 1338.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint except admit that SSE and SSE LLC are subject to this Court's *in personam* jurisdiction.

4. Denies each and every allegation contained in Paragraph 4 of the Complaint except that plaintiff purports that venue is proper pursuant to 28 U.S.C. § 1391.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies each and every allegation contained in Paragraph 8 of the Complaint except admit that SSE is a corporation organized and existing under the laws of the State of Delaware and that on or about June 30, 2004, Sheridan Square Entertainment, LLC. merged into Sheridan Square Entertainment, Inc.

9. Denies each and every allegation contained in Paragraph 9 of the Complaint except admit that Daniel Goldberg ("Goldberg") was at one time the Chief Executive Officer of SSE LLC and that SSE LLC operated a record label under the name Artemis Records at the referenced address.

## SSE AND SSE LLC ANSWERING THE FIRST
## COUNT INSOFAR AS IT PERTAINS TO THE CONDUCT
## OR KNOWLEDGE OF SSE AND SSE LLC

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Count of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Count of the Complaint except states that upon information and belief Goldberg applied for a trademark application U.S. Serial Number 7563163 of the name Artemis Records on February 9, 1999.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Count of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the First Count of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the First Count of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the First Count of the Complaint except state that SSE LLC brought suit against plaintiff in the United States District Court for the Southern District of New York, Civil Action No. 99 Civ. 11691(HB) ("Sheridan Lawsuit").

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the First Count of the Complaint except refers the Court to the Sealed Record set forth in the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the First Count of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the First Count of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the First Count of the Complaint.

20. Denies each and every allegation in Paragraph 11 of the First Count of the Complaint except refers the Court to the documents set forth in the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the First Count of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Count of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Count of the Complaint.

24. Denies each and every allegation in the "WHEREFORE" paragraphs of the First Count of the Complaint insofar as it pertains to the conduct or knowledge of SSE or SSE LLC.

### SSE AND SSE LLC ANSWERING THE SECOND COUNT INSOFAR AS IT PERTAINS TO THE CONDUCT OR KNOWLEDGE OF SSE AND SSE LLC

25. Answering the allegations set forth in the Second Count of the Complaint, defendants reallege each and every allegation contained in paragraphs "1" through "24" above as though set forth fully at length herein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Count of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Count of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Count of the Complaint except states that Jeanne Drewson was at one time General Counsel to SSE LLC.

29. Denies each and every allegation in Paragraph 4 of the Second Count of the Complaint except refers the Court to the documents set forth in the Complaint.

30. Denies each and every allegation in the "WHEREFORE" paragraphs of the Second Count of the Complaint insofar as it pertains to the conduct or knowledge of SSE or SSE LLC.

### SSE AND SSE LLC ANSWERING THE THIRD COUNT INSOFAR AS IT PERTAINS TO THE CONDUCT OR KNOWLEDGE OF SSE AND SSE LLC

31. Answering the allegations set forth in the Third Count of the Complaint, defendants reallege each and every allegation contained in paragraphs "1" through "30" above as though set forth fully at length herein.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Third Count of the Complaint.

33. Denies each and every allegation in Paragraph 2 of the Third Count of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Third Count of the Complaint.

35. Denies each and every allegation in Paragraph 4 of the Third Count of the Complaint.

36. Denies each and every allegation in Paragraph 5 of the Third Count of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Third Count of the Complaint.

38. Denies each and every allegation in Paragraph 7 of the Third Count of the Complaint.

39. Denies each and every allegation in Paragraph 8 of the Third Count of the Complaint.

40. Denies each and every allegation in the "WHEREFORE" paragraphs of the Third Count of the Complaint insofar as it pertains to the conduct or knowledge of SSE or SSE LLC.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1) The Complaint fails to state a claim against defendants for which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2) The plaintiff's ability to recover against defendants is precluded and/or limited by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3) The plaintiff's ability to recover against defendants is precluded and/or limited by the doctrines of release.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4) The plaintiff's complaint is barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5) Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6) By its conduct and knowledge, plaintiff has waived any of his rights to collect monies directly from defendants and is estopped from maintaining this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7) Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8) Plaintiff's claims are barred by the applicable statute(s) of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9) Plaintiff's remedies, if any, are limited by the Sheridan Lawsuit Settlement Agreement.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10) The plaintiff's ability to recover against defendants is precluded and/or limited by his own culpable conduct.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

1) The Amended Complaint fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, defendants demand judgment as follows:

1. Dismissing the First Amended Complaint as to each said defendant;

2. Costs, disbursements and attorneys' fees.

      3.    Awarding defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 7, 2008

MEIER FRANZINO & SCHER, LLP

By _____
    Steven K. Meier (SKM 1609)
    Tinamarie Franzoni (TF 0713)
    Attorneys for Defendants
    SHERIDAN SQUARE ENTERTAINMENT, INC. and SHERIDAN SQUARE ENTERTAINMENT, LLC.
    570 Lexington Avenue, 26th Floor
    New York, New York 10022
    (212) 759-9770

TO:    John Smargiassi, Esq. (J.S. 3041)
        JOSEPH & SMARGIASSI
        Attorneys for Plaintiff
        Two Rector Street
        New York, New York 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                              Plaintiff,                           07 CIV. 2933 (SAS)

       - against -

SONY-BMG MUSIC ENTERTAINMENT, INC.,
RED DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., d/b/a ARTEMIS
RECORDS, DANIEL GOLDBERG SHERIDAN
SQUARE ENTERTAINMENT, LLC., d/b/a
ARTEMIS RECORDS,

                             Defendants.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that on January 7, 2008, she caused defendants, Sheridan Square Entertainment, Inc. and Sheridan Square Entertainment, LLC.'s Answer to the plaintiff's Complaint to be served on the individuals listed below in the manner indicated:

### FIRST CLASS MAIL

      John Smargiassi, Esq.
      JOSEPH & SMARGIASSI
      Attorneys for Plaintiff
      Two Rector Street
      New York, New York 10006

Dated: New York, New York
       January 7, 2008

                                                          TINAMARIE FRANZONI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BASIL FITZPATRICK, SOLE PROPRIETOR d/b/a
ARTEMIS RECORDS,

                              Plaintiff,                        07 CIV. 2933 (SAS)

        - against -                          RULE 7.1 STATEMENT

SONY-BMG MUSIC ENTERTAINMENT, INC.,
RED DISTRIBUTION, INC., SHERIDAN SQUARE
ENTERTAINMENT, INC., d/b/a ARTEMIS
RECORDS, DANIEL GOLDBERG SHERIDAN
SQUARE ENTERTAINMENT, LLC., d/b/a
ARTEMIS RECORDS,

                              Defendants.
------------------------------------------------------------------X

      Pursuant to Federal Rule of Civil Procedure 7.1 [formerly General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Sheridan Square Entertainment, Inc. and Sheridan Square Entertainment, LLC. (private non-governmental parties) certifies that these parties are privately held companies.

Dated: New York, New York
       January 7, 2008

                                            Respectfully submitted,

                                            MEIER FRANZINO & SCHER, LLP.

                                            By: _____
                                            Steven K. Meier (1609)
                                            Tinamarie Franzoni (0713)
                                            Attorneys for Defendants
                                            Sheridan Square Entertainment, Inc.
                                            and Sheridan Square Entertainment, LLC.
                                            570 Lexington Avenue, 26th Floor
                                            New York, New York 10022
                                            (212) 759-9770